L. Barron Hill, J.
Defendant Village of Freeport moves for an order dismissing the complaint under rule 107 of the Rules of Civil Practice on the ground that plaintiff has no legal capacity to sue by reason of the fact that plaintiff’s sole and only remedy is for benefits under the General Municipal Law and Workmen’s Compensation Law.
It appears to the court that the true basis for defendant’s motion is that the court lacks jurisdiction of the subject matter. This error is harmless since both parties have treated the matter fully as if the motion had been made on such ground and it will be so considered by the court.
Plaintiff’s intestate is alleged to have died as the result of injuries sustained in the performance of his duties as a volunteer fireman. It is alleged that he was riding to a fire on a fire truck when it was involved in a collision with an automobile owned and operated by the individual defendant, Joseph Cambria. It is further alleged that Cambria was a volunteer fireman of the same municipality and was in the act of responding to the fire at the time of the collision.
Plaintiff’s action against defendant Village of Freeport is based on section 50-c of the General Municipal Law which requires a municipality to save harmless a fireman who is negligent while acting in the performance of his duties and within the scope of his employment.
*1007 The answer of the moving defendant as well as the affidavit in support of the motion state that the municipality had secured for plaintiff’s intestate the coverage required by section 205 of the General Municipal Law and the applicable provisions of the Workmen’s Compensation Law. This is neither denied nor disputed by the plaintiff.
Plaintiff admits he is entitled to the benefits provided for by section 205 of the General Municipal Law, but states in his opposing affidavit that since the intestate had no surviving spouse, child or dependent parent, no real benefits can be awarded him under the Workmen’s Compensation Law. He argues, therefore, that workmen’s compensation does not apply and does not bar this action. This is, of course, a specious argument.
The municipality has discharged its duty to plaintiff’s intestate by providing the required coverage. If the estate of the intestate receives nothing under the Workmen’s Compensation Law, it is only because no one has suffered any damage recognized by law. As yet the law does not allow recovery for mental suffering or anguish caused by a bereavement. This theory applies to the instant action for wrongful death so that if the intestate is not entitled to benefits under workmen’s compensation, he, theoretically, could prove no damages in this action.
The Legislature has provided for actions for wrongful death, which did not exist at common law; it has also provided that where workmen’s compensation is applicable, it shall be an exclusive remedy.
The motion must be granted and the complaint dismissed, without prejudice to plaintiff’s rights under the applicable provisions of the General Municipal Law and Workmen’s Compensation Law.
Settle order.